COFER, Justice, for the Court:
The appellant Abel was injured by a machine which he was operating as an employee of Garan, Inc., which employer had as its insurance carrier, Insurance Company of North America. The employer and carrier are appellees.
Appellant employed counsel and filed his motion to controvert, wherein he included as matters in dispute his claim to recovery “for the permanent scar and disfigurement, compensation provided by the Mississippi Workmen’s Compensation Act, medical expenses, travel expenses, interest, penalties and all benefits provided by the Mississippi Workmen’s Compensation Act.”
The hearing was scheduled to begin, and appellant amended his claim to include a prayer for double compensation on his allegation that his employer had violated the child labor law. The appellant was between sixteen and seventeen years of age at the time the accident occurred, and the violation of the child labor law forming the basis of this claim was his having worked in excess of the maximum hours fixed in Mississippi Code Annotated, section 71-1-21 (1972), for which violation the employer would be liable to double compensation as provided by Mississippi Code Annotated, section 71-3-107 (1972).
The administrative judge found no violation of the statute and denied the claim for double compensation. The Commission and the Circuit Court of Neshoba County affirmed the finding and decision. On appeal here, this finding and the denial of double compensation thereon are made the basis of one assignment of error. We find that there is no merit in this assignment.
The administrative judge emphasized at the hearing, and thereafter in his decision, that the only question then being considered was the issue of double compensation. When the matter was before the circuit court on appeal, the appellant moved that the cause be remanded to the commission, because “he desires to prosecute his claim for permanent scar and disfigurement, compensation for future disability, medical expenses, travel expenses, interest, penalties, and damages and these were not waived by said minor and have not been litigated, and he moves the court to remand this matter back to the Mississippi Workmen’s Compensation Commission so that he can litigate this matter fully.
This motion was overruled and the action was assigned as error here.
The claimant was not present at the hearing before the administrative judge.
It is our conclusion that (1) the hearing then had did not preclude another and subsequent hearing on the other matters made subjects of controversy; (2) the hearing was on the narrow issue of double compensation or none; and (3) that the claimant is entitled to a hearing on the remainder of his claim.
We therefore, affirm the denial of double compensation to the claimant, but without prejudice to his right to have determination of the additional matters he submitted in his motion to controvert, and, for determination of all unresolved issues, the cause is remanded to the Workmen’s Compensation Commission.
AFFIRMED AND REMANDED TO THE WORKMEN’S COMPENSATION COMMISSION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.
SUGG, J., took no part.